No. 37,495

KEITH ROSSON, *Appellee*, v. WICHITA TRANSPORTATION CORPORATION, *Appellant*.

No. 37,498

MARY MARIE ROSSON, *Appellee*, v. WICHITA TRANSPORTATION CORPORATION, *Appellant*.

(204 P. 2d 591)

Opinion filed April 9, 1949.

*George Siefkin,* of Wichita, argued the cause, and *George B. Powers, Samuel E. Bartlett, Andrew F. Schoeppel, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Thomas E. Woods* and *Robert C. Foulston, Jr.,* all of Wichita, were with him on the brief for the appellant.

*Charles Vance,* of Liberal, argued the cause, and *H. Hobble, Jr.,* of Liberal, *Patrick J. Warnick* and *Alan B. Phares,* both of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an appeal by the defendant company from verdicts and judgments rendered in the lower court arising out of personal injuries sustained by one of the plaintiffs and damage to the truck of the other plaintiff as the result of a collision between a city bus of defendant company and the truck in which plaintiffs were riding at a street intersection in the city of Wichita. The cases were consolidated and tried as one in the lower court and have been consolidated on appeal. The facts are substantially as follows:

On October 9, 1943, the plaintiffs, Mary Marie Rosson and Keith Rosson, residents of Seward county, Kansas, together with their daughter, started out for Garnett, Kan., in their Chevrolet pickup truck. About four o'clock that afternoon they were driving through Wichita on U. S. Highway 54 which runs on Douglas avenue. Mrs. Rosson was driving, the daughter was in the middle and Mr. Rosson was on the right. They were driving east on Douglas avenue and as they approached the intersection of Douglas and Meridian they noticed a city bus of defendant company approaching from the east. This is a peculiar and unusual intersection. Meridian is a north and south street and is 46 feet wide both north and south of Douglas. Douglas is 50 feet wide east of Meridian and 40 feet wide west of Meridian. At the intersection Douglas jogs to the south 20 feet on the north and 10 feet on the south, thus making the center line on Douglas west of Meridian considerably south of the center line on east of Meridian. They testified that when they were perhaps a third of a block west of the intersection they noticed the bus pull out from the north lane toward the middle of the street and

that they naturally thought it was merely pulling over to the south so as to make the jog at the intersection in order to continue west on Douglas. According to plaintiffs the bus driver made no signal whatever for a turn. Plaintiffs continued on east into the intersection without slowing appreciably, all of the time thinking that the bus was merely edging over to the left in order to make the jog at the intersection. While in the intersection they first noticed that the bus was making a left turn to go south on Meridian, and in attempting to avoid the. bus Mrs. Rosson swerved the truck to the south in a sort of semicircular movement. According to a police officer who investigated the accident and took measurements the point of impact between the two vehicles was two feet west of the east curb of Meridian and nine feet north of the south curb line of Douglas on the east side. After the collision the truck continued to the east and south striking the curb and throwing Mrs. Rosson out on the pavement between the truck and the bus. She was taken to a hospital suffering from injuries to her head, back and limbs. Considerable damage was done to the truck.

Defendant's demurrer to the evidence of the plaintiffs was overruled by the court.

The evidence submitted on behalf of the defendant was substantially the same except that the bus driver testified that she gave a signal for a left turn approximately a half block east of Meridian and her estimate of the speed of the truck was considerably higher than that testified to by the plaintiffs and as subsequently found by the jury. Also according to her, plaintiffs' truck was about half a block west when she drove the bus into the intersection. A passenger who was riding in the rear of the bus at the time of the collision testified that he saw the truck coming from the west and further that he noticed the bus driver signal for a left turn with her left hand and that the bus stopped before the impact. Another passenger on the bus testified that he saw the truck coming from the west; that the bus driver made a hand signal for the left turn and that the bus was standing still at the time the truck hit it.

Plaintiff Mary Marie Rosson brought suit for $15,000 damages by reason of pain, suffering and disability incurred as a result of her injuries. Plaintiff Keith Rosson brought suit for the sum of $1,250 on account of damages to his truck.

The jury returned a verdict in favor of the plaintiff, Mary Marie

Rosson, in the amount of $8,275, and a verdict in favor of Keith Rosson in the amount of $400.

The jury, in answer to special questions, found that the speed of the bus as it commenced its turn was 12 miles per hour; that the truck of the plaintiffs was going 28 miles per hour as it crossed the intersection; that the driver of the truck did not attempt to slow up or stop at any time; that the bus was moving at the time of the collision; that the bus driver did not give a signal indicating her intention to turn; that the truck was 105 feet west of the bus at the time the bus commenced its turn; that the driver of the truck attempted to swerve around the front of the bus; that there was room for the truck to pass between the bus and the southeast corner of the intersection and that the collision was not caused by the negligence of both plaintiff and defendant.

The jury further found that plaintiffs were not guilty of any negligence which was a proximate cause of the collision, and in answer to this question, "What if any negligence do you find as against the defendant which was a proximate cause of the collision?" stated, *"Failing to give proper signal at proper time. Improper entry into the intersection, and failing to yield right of way."*

The defendant filed a motion for judgment on the answers to special questions on the ground that such answers convicted the plaintiffs of contributory negligence as a matter of law, or in the alternative that the court grant a new trial.

As to the verdict in favor of Keith Rosson for $400 for damages to his truck, the court granted a remittitur in the amount of $200 but otherwise approved the verdicts of the jury, overruled the defendant's motions for judgment and for a new trial and entered judgment in favor of the plaintiff, Mary Marie Rosson, in the amount of $8,275, and in favor of Keith Rosson in the amount of $200, following which defendant perfected its appeal.

In its brief and argument to this court defendant stresses two points, the first being that there was no negligence on the part of the bus company that did not involve negligence of the plaintiffs, and secondly, that the verdict rendered was excessive.

This is a fact case—pure and simple—and our reports are bulging with lengthy opinions and discussions involving like and similar cases. Under facts and circumstances giving rise to the application of some uncommon principle of law we would consider it necessary to set out in detail the evidence introduced and the

shades of distinction giving rise to the application of the rule involved. We do not consider it necessary to do so, however, under the facts of this case. In our opinion the evidence of the plaintiffs made out a prima facie case amply sufficient to withstand the demurrer of defendant.

There was no dispute as to many of the facts testified to by the witnesses for both sides. The jury was properly instructed with respect to all issues involved, including contributory negligence and proximate cause. It resolved those facts and issues in favor of plaintiffs and from our examination and study of the record before us we are of the opinion that each of the answers to special questions was based upon competent, substantial evidence, and that they are not inconsistent with each other or with the general verdicts. The jury absolved the plaintiffs of any negligence which was a proximate cause of the collision and further found that the collision was not caused by the concurring negligence of both drivers. Defendant argues that as a matter of law Mrs. Rosson was guilty of contributory negligence in that she did nothing toward slowing up or stopping the truck as she saw that the bus was "doing something." Our answer to that contention is that the jury was justified in believing her theory, namely, that in the absence of a signal she supposed the bus was merely edging toward the left in order to make the jog at the intersection.

A further matter, and in our opinion one of great importance, and also undoubtedly so to the jury, is the fact that the undisputed testimony in this case is that the point of impact was two feet west of the east curb of Meridian and nine feet north of the south curb line of Douglas on the east side. It is very obvious therefore that this collision took place over in the southeast corner of this intersection and at a point where, under any stretch of the imagination, the bus did not belong even when making a left turn in this admittedly unusual type of intersection. We have examined this record in detail and all authorities cited in the briefs and conclude that so far as this phase of the case is concerned the rulings of the lower court were entirely correct.

This brings us to the question of the alleged excessive verdict rendered in favor of Mrs. Rosson. At the time of the collision she was either thrown or fell to the pavement and was temporarily "knocked out." She was taken immediately to the hospital suffering from severe pain in her head, back, abdomen and limbs and

vomited most of the next day. There were bruises on her head and various parts of her body. She was released from the hospital after three or four days. Her attending physician testified as to her condition, particularly with reference to her back injury and also to the fact that she had returned for further treatments approximately once a month for four or five months after the injury. A portion of his testimony with reference to the back injury follows.

"Q. And, doctor, from your examination of her back on the following dates, were you of the opinion that further medical treatment would help her? A. Well, I feel like this, on a back injury. After 60 or 90 days I don't think it will help any after that unless you can definitely prove something anatomically wrong with the bony structure, after your healing is quite well completed in 60 to 90 days I think it remains that way the rest of her life.

"Q. I will ask you from your examination of Mrs. Rosson on the subsequent visits to your office, did you form any opinion as to whether or not there had been any permanent injury to her back? A. No, I did not form any opinion, I was trying to get the patients in and get them out. I probably had 25 or 30 more waiting, outside.

"Q. Well, Doctor, if it is a fact she still experiences pain (Tr. 63) in her back on occasions she was lifting and has swollen area down her back, in your opinion as a medical practitioner, would those symptoms indicate a permanent injury to her back? A. Well, I believe it would, definitely.

"Q. If they continued until as recently as two weeks ago, would you have an opinion as to whether or not the condition was permanent? A. Yes, I would say that anything continuous for 4 or 5 years would have to be permanent, that is right."

Another physician, an orthopedist, testified concerning an examination he had made of her in the fall of 1946, three years after the injury. He found nothing particularly wrong with her in the "objective" sense of the word but stated that she still complained of pain in the lower part of her back.

From the time of their marriage in 1941 she and her husband had farmed 3,200 acres of western Kansas wheat land. Both testified as to the part she had formerly taken in such operations, the work she had been in the habit of doing and as to the fact that they were forced to move into town due to her inability to continue as in the past on account of the injuries to her back. These matters were gone into in considerable detail. This trial was had in April, 1948, at which time she was thirty-nine years of age. She testified that she still had pains in her lower back and was unable to lift objects or to perform many household and farm duties which she formerly had done.

Was this verdict in the amount of $8,275 excessive? As has been so aptly stated in many decisions of this court, an alleged excessive verdict or judgment is one of the most difficult problems with which an appellate court has to deal. Many verdicts have been reduced on the ground that they "shocked the conscience of the court." In this case the jury resolved all disputed questions of fact with reference to the negligence of the parties in favor of the plaintiffs and we have already held that the findings of the jury in such respect were based on competent, substantial evidence. On the question of the personal injuries sustained by Mrs. Rosson, the jury had the opportunity to hear her testify, to watch her demeanor on the witness stand and to form an opinion as to her truthfulness concerning the extent of her injuries, pain and suffering. The same applies to the testimony of the two physicians and likewise to that of Mr. Rosson concerning the suffering undergone by his wife over a period of several years and as to their changed conditions brought about by her partial incapacitation. Considerable stress is laid in appellant's brief as to the distinction between "objective" and "subjective" symptoms with respect to her injuries and their alleged permanency but we have no doubt that the matter was thoroughly argued to the jury and a discussion of the question would serve no useful purpose in this opinion. In order to hold this verdict excessive we would have to substitute our judgment for that of the jury and the trial court and under the facts and circumstances of this case we do not feel compelled to do so.

No objection is made as to the excessiveness of the judgment ultimately rendered in favor of plaintiff Keith Rosson for damages to his truck.

From what has been said it necessarily follows that the judgments of the lower court should be and they are hereby affirmed.